### DAVID DAVIS vs. JOHN HILL.

To vest a present right of property in goods sold, nothing must remain to be done on the part of the seller, before the commodity purchased is to be delivered.

Under a contract of sale, whereby the vendee purchased and paid for a quantity of hay to be weighed out of a mow, when he should see fit to move it; held, that under this contract the property did not so vest in the vendee, before the weighing, as to enable him to maintain an action of trover for the hay purchased.

This was an action of trover for 3 tons 6 cwt. of good English hay. At the trial here, September term, 1825, upon the general issue, it appeared in evidence, that on the 16th October, 1824, one *Benjamin Stevens* made and delivered to the plaintiff a writing in the words following, viz.

" October 16th, 1824. David Davis bought of Benjamin
" Stevens, three tons and six hundred of good English hay,
" that is now in my barn, in Middleton, to be weighed out of
" the large mow, any time, when said *Davis* may see fit to
" move the same, valued at eight dollars per ton, $26,40.

" Received payment, by cash, in full.

" BENJAMIN STEVENS."

That the said *Stevens* died the last of the same October ; that administration on his estate was granted to the defendant ; that afterwards, in December, 1824, the plaintiff demanded the said hay of the defendant ; and that the defendant refused to deliver said hay, and converted it to his own use.

Upon this evidence, a verdict was taken, by consent, for the plaintiff, subject to the opinion of the court upon the above facts, and to be affirmed, or set aside and a verdict entered for the defendant, according to that opinion.

*Eastman*, for the plaintiff.

*Mason*, for the defendant.

The opinion of the court was delivered by HARRIS, J.

To maintain trover, the plaintiff must prove, that, at the time of the conversion, he had a property, either absolute or special, in the goods, which are the subject of the action, and must also shew his actual possession, or, at least, his right to immediate possession of them.

To prove these necessary facts, the plaintiff relies on the bill of parcels, signed by *Benjamin Stevens*, produced at the trial. The question is, whether that bill shews any such property and possession or right of possession of the hay, al-

leged to have been converted, in the plaintiff? Had it been for a specific lot of hay separated and distinct from all other property of *Stevens*, it might have been sufficient evidence. No act on the part of the seller would then have been necessary; and *Davis* might have taken the hay at his pleasure.

When goods are sold, if any thing remain to be done on the part of the seller, as between him and the buyer, before the commodity purchased is to be delivered, such a right of property does not attach in the buyer as to enable him to maintain trover for the goods. 6 *East* 614, *Hanson et a. vs. Meyer.*—1 *Holt* 18, *Withers et a. vs. Lys et a.*

In the present instance, the hay, for which the plaintiff paid, was part of a large mow, and was to be weighed out to him. There was no specific appropriation of any part.— Weighing and separating must precede delivery. This was to be, in part at least, the act of *Stevens*. Before the hay was weighed, *Davis* was not authorized to take it, by his own act, from the mow, in which it was with other hay of *Stevens*.

No part of the hay being particularly appropriated to *Davis*, there was not that separation from the general mass, and distinct specification and delivery, which the law requires in order to vest the property of the hay in the plaintiff.

Upon a fair legal construction, the bill of parcels amounts to nothing more than a contract to deliver the quantity of hay therein mentioned. If *Stevens* had weighed off several parcels, each containing the stipulated quantity, he might have delivered either of them; and this would have been a performance of his contract. 1 *Taunt.* 318, *Mucklow vs. Mangles.*—4 *Taunt.* 644, *Austen vs. Craven.*—5 *Taunt.* 176, *White vs. Wilks.*—5 *Taunt.* 617, *Shepley vs. Davis.*—7 *D. & E.* 64, *Owenson vs. Morse.*—7 *Johns. Rep.* 473, *Merritt vs. Johnson.*—15 *Johns. Rep.* 349, *McDonald vs. Hewett.*

It is the opinion of the court, that the evidence offered in this case was altogether insufficient to support an action of trover.

According to the agreement of the parties, the verdict must be set aside, and a verdict entered for the defendant.