# CHESHIRE,

## JULY TERM, A. D. 1852.

---

### WARREN *v.* BUCKMINSTER.

If, upon a sale of chattels, any thing remains to be done, as between the vendor and vendee, before the goods are to be delivered, a present right of property does not attach in the vendee.

Where goods are sold by number, weight or measure, the sale is incomplete until the specified property be separated and identified.

Where goods sold are mixed with others, and are not separated from the general stock of the seller, they must be designated or separated from the stock, or quantity with which they are mixed, before the property can pass. .

A. made a bargain with B. for fifteen of the best sheep in B.'s flock; but they were not selected. *Held,* that the sale was incomplete until they were selected and designated by marking, or separated from the flock.

If the buyer of chattels agree to take them from the possession of the seller at a specified time, and does not take them according to the agreement, the seller may treat the contract as rescinded.

ASSUMPSIT. The writ contained two counts, the first of which was as follows: " In a plea of the case, for that the said Buckminster, at said Keene, on the 26th day of July, 1849, in consideration that the plaintiff, at the instance and request of the said Buckminster, had then and there bought of him a certain number, to wit: fifteen sheep, at and for a certain price then and there agreed upon between them, whereof the plaintiff then and there paid him fifteen dollars, the defendant then and there faithfully promised the plaintiff well and truly to deliver to him the said fifteen sheep, to be selected by the plaintiff from and out of the defendant's flock of sheep, whenever the said defendant should be thereto requested; and the plaintiff in fact

saith, that although he afterwards, to wit: on the 19th day of September, 1849, at said Sullivan, requested the said defendant to deliver to the plaintiff the said fifteen sheep, and was then and there ready and willing, and offered to pay the said defendant the residue of the price therefor, according to the terms of said sale, and was ready and willing and offered to select the said fifteen sheep from the defendant's flock of sheep, and accept and receive the same of and from the said defendant; yet the said defendant did not, when requested as aforesaid, or at any time before or since, deliver to the plaintiff the said fifteen sheep, or any part thereof, but wholly refused and still refuses so to do."

The second count was a general one for fifty dollars, money had and received by the defendant to the plaintiff's use.

To the first count the defendant pleaded the general issue. To the second, a tender of $15.23 before suit brought.

The plaintiff introduced one Bates as a witness, who testified in substance that somewhere between the 6th and the 10th of October, 1849, the defendant drove him fifteen sheep, which he said Mr. Clarke, the partner of the witness, had ordered him to drive there. Their price was $17.50. Two or three weeks after this, the defendant came to the slaughter-house of the witness, and asked him if the plaintiff had been to see him about the sheep. Witness told him no. Defendant said the plaintiff had been after the sheep and found that they were gone, and was angry and threatened to sue him. Witness asked him how the matter stood between them, and defendant said he sold the sheep to the plaintiff, and he was to take them away at a specified time, which the witness could not recollect; that at the time agreed upon he got them home from his pasture and turned them into his lot at his house; that he kept them about his buildings four or five weeks; that they plagued him and got into his corn; that the plaintiff did not come for them, and he sold them to Mr. Clarke. He said the plaintiff paid him $15 for the sheep.

The plaintiff rested his case upon the testimony of this witness.

The defendant then introduced evidence tending to show that he made the tender, as set forth in his plea, and that it was suffi-

cient to cover the fifteen dollars and interest thereon. This point was not particularly contested.

The defendant then introduced as a witness one Roswell C. Nourse, who testified, in substance, that he lived in Sullivan, about five miles from the defendant's house; that the defendant had a pasture adjoining the land of the witness; that about the 25th of July, 1849, he heard a conversation between the parties, near the house of the witness. They were on the fence which divided the defendant's pasture from the witness' mowing. The defendant's flock of sheep were called up. Plaintiff said: What will you take for fifteen of them. Defendant said: I don't know; when will you take them away? Plaintiff said he would take them the last of August; that he had other sheep going at that time and he wanted these to go with them. Defendant said that unless the plaintiff would take them the last of August he would not sell them to him, for he was short of feed; that he would not sell them to any one who would not take them at that time. Plaintiff agreed to take them the last of August, and if he did not take them then, he said he did not want them at all, for he would not come round there for them. Plaintiff was to have fifteen of the best of them. He said he would take them either in the pasture or in the barn of the witness. Defendant said that he would not drive them a rod. Plaintiff said that he did not ask him to drive them; he would come himself, or send a man to get them. The sheep were not selected. Witness had the care of them. He did not hear what the price was to be.

The defendant also introduced evidence tending to show that about the last of August the plaintiff sent a request to the defendant to get up the sheep on a certain day; that on the day specified the defendant went to the pasture and got up the flock, and, after waiting there about an hour, he drove them from thence to his house; but the plaintiff did not come after them nor send any one, and having kept them four or five weeks about his buildings, he sold them to said Clarke.

The court, among other things, instructed the jury that if they found that the fifteen sheep were ever selected from the flock,

and the bargain closed between the parties, their verdict should be for the plaintiff.

The court further instructed the jury that it was necessary for the plaintiff to show a selection, either by himself or his agent.

To these instructions the plaintiff excepted:

1. Because there was evidence tending to show, under the second count, an absolute sale of the fifteen sheep without any reference to the prior count.

2. Because the evidence of Nourse, by whom the special contract was proved, did not show that the plaintiff was to select the sheep.

3. Because, if the defendant had selected the sheep, the plaintiff might ratify it.

The jury having returned a verdict for the defendant, the plaintiff moved to set the same aside and for a new trial, for the reasons set forth in the foregoing exceptions; and the questions arising upon the motion were reserved and assigned to this court for determination.

*Cushing*, with whom was *Cutter*, for the plaintiff.

1. There was evidence tending to show, under the second count, that prior to the 10th of October the defendant had sold to the plaintiff fifteen sheep, which were partly paid for, and which the defendant afterwards sold and received the money for. The plaintiff might waive the tort and bring his action for money had and received. In this view of the case it was not material how or by whom the sheep were selected.

2. There was no evidence in regard to the contract, as proved by Nourse, that the plaintiff was to select the sheep.

3. The plaintiff might ratify the selection if made by the defendant. We contend that the instructions assumed that there had been no negotiations prior to the testimony of Nourse. We say the sheep had been sold and paid for prior to that time. If the testimony of Nourse was all the evidence concerning the contract, perhaps the instructions were correct.

The plaintiff says that he proved that he had purchased and

paid for fifteen sheep, and he claims the right to receive the money.

*Wheeler & Faulkner*, for the defendant. The instructions of the court to the jury contain nothing to which the plaintiff can properly except.

1. As to the ground of his first exception. This position was taken before the jury, and was negatived by their verdict. The court instructed them that if they found an absolute sale, they must find for the plaintiff. They found for the defendant.

The evidence of Bates, who was the plaintiff's only witness, goes to show not an absolute but a conditional sale. Taken in connection with the testimony of the defendant's witnesses, it shows conclusively that something remained to be done by the plaintiff. It was a sale, provided the plaintiff took the sheep away at a particular time, which he failed to do. Time was of the essence of this contract.

2. The force of the plaintiff's second exception, even if it were true, is not perceived. Other testimony than that of Nourse was laid before the jury, and it is not to be presumed that their verdict was founded on his testimony alone. But the testimony of Nourse, if it shows any thing, shows that the sheep were not to be selected by the defendant. It shows, furthermore, that the sheep were not selected on the 25th of July, the time of the bargain. In the words of the witness, as reported in the case: "The plaintiff was to have fifteen of the best of them;" and "he would come himself, or send a man to get them."

3. The position that the plaintiff must show a selection of the sheep by himself or his agent, does not necessarily conflict with the ground taken by the plaintiff in the third exception. It means simply that the plaintiff must have elected, by himself in person or by some one acting for him, to consider fifteen particular sheep as sold to himself. If the defendant had first designated the sheep, and the plaintiff had thereupon assented to it, this would, in law, be a selection by the plaintiff. If the

defendant made a selection with the assent of, or by direction of the plaintiff, he might be considered as his agent for that purpose; but if the defendant had made a selection without such authority, a mere assent on the part of the plaintiff, not made known to the defendant, would not constitute a ratification so as to bind the defendant.

4. But there is no evidence in the case which tends to show either that the defendant selected the sheep, or that the plaintiff ratified such selection. The whole evidence must be taken together. There is no evidence whatever of any sale prior to that testified to by Nourse. Bates testified that the defendant told him " that at the time agreed upon, he got the sheep home from his pasture, and turned them into his lot at his house." This evidence, standing alone, might authorize the inference that the fifteen sheep were then selected by the defendant; but the evidence of other witnesses shows " that on the day specified, the defendant went to the pasture and got up the *flock*"—not the fifteen sheep alone. The testimony of Bates alone shows that the defendant kept the sheep four or five weeks about his buildings. If there had been sufficient evidence of a selection by the defendant, it would be difficult to make out a ratification by the plaintiff from such evidence as this.

If our position in regard to this part of the case be correct, the plaintiff was not injured by the ruling of the court, even if it was not in every way correct, and there is no ground for granting a new trial. *Gibson* v. *Stevens*, 7 N. H. Rep. 352.

5. The defendant contends that the instructions of the court were quite as favorable to the plaintiff as the rules of law will warrant. We do not admit that if the bargain had been closed and the sheep selected, the plaintiff would have been entitled to a verdict, unless the sheep had been taken away within the time agreed upon. If they remained after the month of August, the defendant might elect to rescind the whole contract. The sale of the sheep to another, and the tender to the plaintiff before the suit was brought, shows that the defendant did elect to rescind any contract that might before that time have been

considered as existing between them. *Weld* v. *Hadley*, 1 N. H. Rep. 295.

EASTMAN, J. On comparing the evidence in the case with the first count in the plaintiff's declaration, it is quite probable that that count sets forth very nearly the true bargain between the parties. But the plaintiff's evidence failing to sustain that count, he relies, as he had a right to do, upon his second count, which is a general one for money had and received.

In order to sustain the second count, however, he must make it appear that he had purchased the sheep, that they were his property, and that the defendant had sold them and received the money therefor. Showing these facts, he could maintain the action for so much money had and received for his use. The foundation of the action, then, rests upon the question whether there was any legal change of property from the defendant to the plaintiff.

It is a well established principle in the doctrine of sales of chattels, that if any thing remains to be done, as between the seller and buyer, before the goods are to be delivered, a present right of property does not attach in the buyer. 2 Kent's Com. 495 ; *Wallace* v. *Breeds*, 13 East's Rep. 522 ; *Hanson* v. *Meyer*, 6 East 614 ; *McDonald* v. *Hewett*, 15 Johns. Rep. 349 ; *Barret* v. *Goddard*, 3 Mason's Rep. 112 ; *Davis* v. *Hill*, 3 N. H. Rep. 382.

And where the goods sold are mixed with others, and are not separated from the general stock of the seller, the sale is incomplete. They must be ascertained, designated or separated from the stock or quantity with which they are mixed, before the property can pass. *Austin* v. *Craven*, 4 Taunton's Rep. 644 ; *White* v. *Wilkes*, 5 Taunton 176 ; *Bush* v. *Davis*, 2 Maule & Selwyn 397 ; *Shepley* v. *Davis*, 5 Taunton 397 ; *Tagura* v. *Furnell*, 2 Camp. Rep. 240.

Chancellor *Kent*, in discussing the subject, says that it is a fundamental principle pervading every where the doctrine of sales of chattels, that if the goods be sold by number, weight,

or measure, the sale is incomplete until the specific property be separated and identified. 2 Kent's Com. 496; *Simmonds* v. *Swift*, 5 Barn. & Cress. 857.

Upon the doctrine of these authorities, it is quite clear that the sheep in question, being in the defendant's flock, should either have been separated from the flock, or have been selected or designated by marking or otherwise, before the property could pass to the plaintiff.

There was evidence on the part of the plaintiff tending to show an absolute sale. The defendant's evidence, on the contrary, tended to show that the sale had never been completed, and that the sheep had never been designated or selected from the flock. We think too that the defendant's evidence is confirmed by the first count in the plaintiff's writ.

The evidence being somewhat contradictory, the court properly instructed the jury that, if they found that the fifteen sheep were ever selected from the flock, and the bargain closed between the parties, their verdict should be for the plaintiff.

The further instructions of the court might, when taken as an abstraction, disconnected from the evidence in the case, be not strictly correct; for the separation or selection of goods may be made by the buyer and seller together, or by the seller and agreed to by the buyer. In the latter case, however, it is still the indirect act of the purchaser, done or sanctioned by him.

The evidence here tended to show that the number agreed upon was not selected or separated from the flock; that the plaintiff was to come after them himself, or send a man after them. It was at that time that they were to be selected, and evidently the plaintiff or his agent was to be present. There is nothing in the evidence from which it can fairly be inferred that the selection was to be made by the defendant, but, on the contrary, that the plaintiff or his agent was to have the privilege of doing it. There was no evidence whatever of any bargain and sale prior to that testified to by Nourse.

The instructions, when considered with the evidence, evidently mean that the jury should be satisfied that the plaintiff did as he

agreed; that is, that he or his man went for the sheep, and that they were accordingly selected by the one or the other.

But there is another feature in this case which shows that the plaintiff ought not to recover. The contract between the parties was, that the sheep should be taken at a specified time. This appears by the testimony on both sides; and it also appears that the plaintiff did not come for them, according to the agreement. He then had no claim upon them after the specified time, and the tender of the money paid was a bar to any action in the premises.

It seems that if the buyer does not take the article at the time agreed upon, the vendor may sell the same at auction and recover the deficiency in the amount. 2 Kent's Com. 504. Much more then should the seller, where the article has not been selected and the buyer does not come for it at the time agreed, treat the contract as incomplete and dispose of the property.

*Judgment on the verdict.*